IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY JEROME JACKSON, | * |
| Petitioner, | * |
| vs. | * CRIMINAL NO. 10-00217-KD |
| | * CIVIL ACTION NO. 11-00336-KD-B |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

## Report and Recommendation

This matter is before the Court on Petitioner Terry Jerome Jackson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 32) and Respondent's Response in Opposition (Doc. 35). In his motion, Jackson raises a single claim, namely that his trial counsel was ineffective for failing to file a notice of appeal pursuant to his request. In its response in opposition, the Government argues, based upon the affidavit of Jackson's trial counsel, that his claim is false; however, an evidentiary hearing was probably necessary in order to address the claim. (Doc. 35 at 2). Upon a review of the record, the undersigned found that there was conflicting evidence as to whether Jackson requested that his trial counsel file an appeal, and/or whether counsel satisfied her obligations to Jackson with regard to his appeal. (Docs. 36, 38). Accordingly, an evidentiary hearing was scheduled, and counsel was appointed to represent Jackson at the evidentiary hearing. (Docs. 38, 39). The hearing was conducted on May 8, 2012, and testimony was

1

offered by Jackson, and his former trial counsel, Cindy Powell. Upon consideration of the parties' briefs, and the testimony of Jackson and Powell, the undersigned recommends that Jackson's petition for habeas relief pursuant to § 2255 be **DENIED**.

I. **BACKGROUND**

Jackson was charged in a two-count indictment on September 30, 2010, with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Cindy Powell was appointed to represent Jackson, who was arraigned on November 10, 2010. (Doc. 9). Subsequent thereto, Powell filed a notice of intent wherein she notified the Court of Jackson's intent to plead guilty to count two of the indictment. (Doc. 18). A plea agreement and a factual resume, executed by Jackson and his counsel, were filed with the Court on December 14, 2010. (Doc. 20). Jackson entered a counseled guilty plea on December 14, 2010, and his sentencing was scheduled for April 1, 2011. (Doc. 21). Jackson's sentencing was rescheduled to April 6, 2011, and on this date, the Court imposed a sentence of 110 months imprisonment, with a special condition that Jackson be allowed to participate in residential, comprehensive, substance abuse treatment, while incarcerated. (Doc. 30).

Jackson did not file a direct appeal in this case; however, as noted, Jackson filed the instant petition pursuant to 28 U.S.C. § 2255 (Doc. 32). Jackson argues that his trial counsel, Cindy Powell, was ineffective for failing to file a notice of appeal as he directed.

2

At the evidentiary hearing conducted before the undersigned on May 8, 2012 , Jackson testified that immediately prior to his sentencing, Powell discussed with him the process for appealing, and immediately after his sentence was announced, he told Powell that he wanted to appeal. According to Jackson, Powell's office did not accept telephone calls from the jail; thus, a couple of days after his sentencing, he asked a friend, Ms. Woodfin, to follow-up with Powell regarding his request to appeal his sentence. Jackson further testified that while Powell had earlier discussed with him the potential benefits he could receive by cooperating with the Government, and he had declined to do so, after his sentencing, he reconsidered and asked Ms. Woodfin to convey to Powell his willingness to cooperate. Soon thereafter, Jackson received a Government proffer letter from Powell. He signed the letter and returned it to her. He also sent her some information that he thought would be helpful to the Government. Jackson testified that he did not realize that Powell had not filed an appeal on his behalf until, following his arrival at the federal facility in Yazoo City, a fellow inmate told him that if he had not received anything regarding his appeal by then, his attorney had probably neglected to file the appeal. At that point, Jackson decided to file the instant habeas petition. According to Jackson, he never wrote or otherwise contacted Powell or the Court to check on the status of his appeal because he thought it was on hold while he attempted to cooperate with the Government.

3

In contrast, Powell testified that neither Jackson nor anyone on his behalf made her aware of his desire to file an appeal. Powell explained that while going over the Government's plea offer with Jackson, she explained the appeals process to him and the fact that if he accepted the plea offer, he would be giving up his right to appeal, except in very limited circumstances. She also testified that she again discussed the appeals process with Jackson before his sentencing, and shared with him her belief that he did not have any meritorious grounds for an appeal. Powell further testified that shortly after sentencing, Ms. Woodfin, a friend of Jackson's, contacted her and advised her of his desire to cooperate with authorities[1]. Powell testified that she relayed this information to counsel for the Government, and then sent to Jackson a proffer letter that she had received from the Government. Jackson signed the letter and returned it to Powell, who in turn tendered it to the Government. According to Powell, it is her understanding that after the case agent spoke to Jackson, the case agent determined that his information was not helpful. Powell testified that if Jackson had notified her of his desire to file an appeal, she would have filed it, that filing an appeal is a simple process, and that there would not have been any reason for her not to comply with his request. Powell further testified that because Jackson was sentenced at the low end of the

---

[1] Powell testified that Ms. Woodfin had contacted her previously, prior to sentencing, on behalf of Jackson, and that she had provided both Ms. Woodfin and Jackson with the information that they requested.

4

guideline range, she is not aware of any meritorious issues that Jackson could have appealed. Powell also noted that Jackson clearly knew how to contact her because before his sentencing, Jackson had written her a letter expressing his frustration with her, and that as a result, she had traveled to the Monroeville jail to address his concerns.

**II. STANDARD OF REVIEW**

In order to succeed on a claim that counsel was constitutionally ineffective for failing to file an appeal, a petitioner must show that (1) his attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different, or in other words, that the petitioner was prejudiced from the deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see also Roe v. Flores Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (holding that Strickland test applies to claim that attorney was ineffective for failing to file notice of appeal). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy both prongs of the Strickland test. Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

It is well settled that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in

a manner that is professionally unreasonable." Flores Ortega, 528 U.S. at 477. Thus, such an omission, if proven, constitutes constitutionally deficient performance, as a matter of law. Additionally, it is clear that "to satisfy the prejudice prong of the Strickland test, a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005). Moreover, when counsel fails to file a requested appeal, "a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." Flores Ortega, 528 U.S. at 477 (internal quotes omitted). In other words, "[p]rejudice is presumed." Gomez Diaz, 433 F.3d at 790. Accordingly, if the Court determines that Powell failed to honor Jackson's request to file a notice of appeal, it must grant Jackson' § 2255 motion on that ground.

The same principles apply even when the petitioner has signed a limited appeal waiver. See Gomez-Diaz, 433 F.3d at 793-94. Specifically, the Eleventh Circuit has held that the general rule that an attorney who disregards instructions from his client to appeal acts in a manner that is per se professionally unreasonable applies with equal force where a defendant has waived some, but not all, of his appeal rights. Id., at 794. Cf. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005) (noting that, notwithstanding a defendant's guilty plea and waiver of his right to appeal, "If ...

it is true that [the defendant] explicitly told his lawyer to appeal his case and his lawyer refused, then we are required by Flores-Ortega to conclude that it was deficient performance not to appeal and that [the defendant] was prejudiced.").

## III. DISCUSSION

After carefully weighing all of the evidence in this case, including testimony presented during the evidentiary hearing and the parties' briefs, the undersigned finds that Powell's testimony that neither Jackson nor anyone else asked her to file an appeal on his behalf was more credible than that of Jackson, and thus concludes that Jackson's petition should be denied. Through her testimony, Powell demonstrated her familiarity with the procedure that is to be followed whenever a criminal defendant expresses an interest in pursuing an appeal, and her general practice of complying with requests to pursue appeals. Although Powell acknowledged that she neglected to file a notice of non-appeal in accordance with the Court's local rules, she testified without hesitation that she discussed Jackson's appeal options with him, and that no one, including Jackson, requested that she file an appeal on his behalf. While Jackson testified that he told Powell, immediately after his sentencing, that he desired to file an appeal, and that his friend, Ms. Woodfin, followed up with Powell regarding his request to appeal, and also his request to cooperate, the undersigned finds it nonsensical that Powell would have acted on the request to cooperate and simply ignored

the request to appeal. At the hearing, Jackson testified that while Powell had counseled him about cooperating with the Court, he declined to do so; however, a few days after his sentencing, he asked Ms. Woodfin to contact Powell and advise her he wanted to cooperate. The evidence is undisputed that when Ms. Woodfin relayed the request to Powell, she promptly acted upon it. Powell sent Jackson the proffer letter received from the Government, and he in turn, signed the letter and returned it to Powell. Jackson has not suggested nor offered any explanation as to why Powell would have acted promptly on his request to cooperate, yet ignore his request to appeal. Further, Jackson has not presented any evidence to contravene Powell's testimony that Ms. Woodfin never told her of Jackson's desire to file an appeal.

Additionally, the record establishes a lack of diligence by Jackson. While Jackson contends that he told Powell immediately after sentencing of his desire to appeal, and that he asked Ms. Woodfin to follow-up with Powell for him, he acknowledges that he never contacted the Court to inquire about his appeal. He also acknowledges that although he corresponded with Powell, shortly after his sentencing, about the Government's proffer letter, and that he sent the proffer letter back to Powell after signing it, he offers no explanation for his failure to question Powell about the status of his appeal. Although Jackson indicated that he thought the appeal was on hold because he was seeking to cooperate, there is absolutely nothing in the record that provides any basis for such an assumption.

8

Accordingly, the undersigned finds that Jackson did not express an interest in appealing to Powell, nor was any such interest communicated to Powell through Jackson's friend, Ms. Woffin, or anyone else. Thus, Jackson is not entitled to relief on this basis.

The undersigned recognizes that even if no request to appeal is made, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example) because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480; Dortch v. United States, 2008 U.S. Dist. LEXIS 4407, 2008 WL 192976 (S.D. Ala. January 22, 2008). An expression that is not sufficient to constitute a request or direction to appeal may nevertheless show that the petitioner reasonably demonstrated to counsel an interest in appealing. Gomez-Diaz, 433 F.3d at 792; Dortch, 2008 U.S. Dist. LEXIS 4407, at *6. In such a situation, the failure to consult constitutes deficient performance, and the petitioner is prejudiced if he shows a reasonable probability that he would have timely appealed but for counsel's failure to consult. Flores-Ortega, 528 U.S. at 484; Dortch, 2008 U.S. Dist. LEXIS 4407 at *6. First of all, Jackson does not dispute Powell's testimony that she discussed the appeals process with him when they discussed the plea agreement tendered by the Government. In addition, Jackson acknowledges that they again

discussed appeals immediately prior to his sentencing. Given that Jackson elected to enter a guilty plea in this case, that the Government agreed to recommend that Jackson be sentenced at the low end of the guideline range, and that Jackson was in fact sentenced at the low end of the guideline range, there is no basis for believing that a rational defendant would have wanted to appeal under these circumstances in which he received exactly that which he bargained for. (Doc. 20, Doc. 27 at 24). Further, Jackson has not identified any meritorious issues that he could have possibly raised. The bottom line is that Jackson nor anyone on his behalf requested Powell to file an appeal for him, and in the absence of such, there was no basis upon which Powell could have concluded that it was reasonable under the circumstances that Jackson would have wanted to appeal. Accordingly, based upon the record before the Court, Jackson's motion is due to be denied.

**IV. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §

2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322,

336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Jackson's claim does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether his claim should be resolved in a different manner or deserves to proceed further. The recommendation that Jackson's claim be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability, and that in turn, Jackson should not be permitted to appeal *in forma pauperis*.

**V.  CONCLUSION**

For the foregoing reasons, it is recommended that Jackson's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 32) be DENIED, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Terry Jerome Jackson. The undersigned Magistrate Judge further opines that Jackson is not entitled to issuance of a Certificate of Appealability, and as a result, he should not be permitted to appeal *in forma pauperis.*

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections

with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **October, 2013.**

                                      **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**