IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY JEROME JACKSON,<br>　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　Respondent. | )<br>)<br>)　CIVIL ACTION NO. 11-00336-KD-B<br>)<br>)　CRIMINAL ACTION NO. 10-00217-KD-B<br>)<br>) |

**ORDER**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection (Doc. 48) is made, the Report and Recommendation (Doc. 47) of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated October 15, 2013, is **ADOPTED** as the opinion of this Court, except for the Magistrate Judge's recommendation that Petitioner not be permitted to appeal *in forma pauperis*.

In determining whether Petitioner's "counsel ha[d] a constitutionally imposed duty to consult with [Petitioner] about an appeal [because] there [wa]s reason to think . . . that a rational defendant would want to appeal (for example, because there [we]re nonfrivolous grounds for appeal)," Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000), the Court has considered the terms of Petitioner's written plea agreement with the Government in his criminal action (Doc. 20). In the agreement, Petitioner "knowingly and voluntarily waive[d] the right to appeal any sentence imposed" and "with limited exceptions . . . waive[d] his right to challenge any sentence []imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255." (Doc. 20 at 5, ¶¶ 19-20). Petitioner "reserve[d] the right to contest in appeal or post-conviction proceeding" only the following:

a. Any punishment imposed in excess of the statutory maximum;

b. Any punishment that constitutes an upward departure from the guideline range;

c. A claim of ineffective assistance of counsel; or

d. The defendant may also claim on direct appeal that the district court erred in its order adjudged on January 20, 2010 at docket 175, in which the Court denied his motion to suppress.

(Id. at 6, ¶ 21).

The Court sentenced Petitioner within the guideline range and below the statutory maximum. (See Docs. 30-31). Subsection d, *supra*, appears to have been included in error, as no such order or docket entry exists in Petitioner's criminal action, and Petitioner never filed a motion to suppress. Petitioner does not allege that trial counsel was constitutionally deficient in her representation of Petitioner but for her failure to file an appeal. However, since Petitioner had no nonfrivolous basis to appeal, trial counsel had no duty to consult with him about an appeal because no "rational defendant would [have ]want[ed] to appeal." Flores-Ortega, 528 U.S. at 480.

Accordingly, it is **ORDERED** that Jackson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 32) is **DENIED**, and that Jackson is not entitled to a certificate of appealability.

**DONE** and **ORDERED** this the **7th** day of **November 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**